# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES G. EVANS,
>           Appellant,

>           v.

DEPARTMENT OF VETERANS
>     AFFAIRS,
>           Agency.

DOCKET NUMBER
DE-3443-14-0230-I-1

DATE: September 2, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

James R. Hefflin, Newport Beach, California, for the appellant.

Aleksander D. Radich, Esquire, Cheyenne, Wyoming, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which found that he was collaterally estopped from relitigating the issue of whether he was an "employee" with Board appeal rights under 5 U.S.C. chapter 75 and dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        In May 2011, the appellant filed an appeal to the Board concerning his departure from federal service claiming involuntary disability retirement, which the Board dismissed for lack of jurisdiction because the appellant was not an employee with appeal rights. *Evans v. Department of Veterans Affairs*, 119 M.S.P.R. 257, ¶¶ 2, 5-6 (2013). Almost 3 years later, the appellant filed a "mixed case" appeal from an agency equal employment opportunity decision issued in July 2011, dismissing his complaint of harassment/hostile work environment and alleged constructive discharge concerning the same separation from federal service. Initial Appeal File (IAF), Tab 1. The administrative judge issued an order to show cause why the appeal should not be barred by the prior Board determination, but the appellant did not address this issue in his responsive pleading. IAF, Tabs 2, 4. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appeal was precluded from being relitigated under

the doctrine of collateral estoppel and that the Board otherwise lacked jurisdiction over the appellant's remaining discrimination claims. IAF, Tab 9, Initial Decision (ID) at 4-5. On review, the appellant merely argues that the initial decision was "wrongly decided," without making any substantive legal arguments concerning the administrative judge's application of collateral estoppel. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3 The threshold issue in the earlier case was whether the appellant was an "employee" with Board appeal rights under 5 U.S.C. chapter 75. In the prior appeal, the Board found that it did not have jurisdiction over the appellant's claim because he was not an "employee," as defined by 5 U.S.C. § 7511. *Evans*, 119 M.S.P.R. 257, ¶¶ 5-6. In the instant appeal, the administrative judge found that the appellant was collaterally estopped from relitigating this same issue. ID at 4-5.

¶4 Collateral estoppel, or issue preclusion, is appropriate when: (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party precluded was fully represented in the prior action. *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988). The Board clarified in *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005), that the fourth prong requires that the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented.

¶5 We conclude that the appellant has not shown error in the administrative judge's finding that the elements of collateral estoppel have been met in this case regarding the Board's jurisdiction over the appellant's earlier claim and that he is thus precluded from relitigating this issue. First, the issue previously

adjudicated, the appellant's appeal rights before the Board, is identical to that in the present action. Second, the jurisdictional issue of the appellant's appeal rights concerning a chapter 75 adverse action was actually litigated in the prior action. As discussed by the Board in the prior decision issued in March 2013, positions that are excluded from the competitive service under a provision of Title 38 are excluded from appeal rights and coverage under subchapter II of chapter 75. 5 U.S.C. § 7511(b)(10); *Evans*, 119 M.S.P.R. 257, ¶ 6. Based on the parties' pleadings and the evidence in the record, the Board found that it was undisputed that the appellant was a nurse appointed under 38 U.S.C. § 7401(1), and thus he lacked the right to appeal chapter 75 adverse actions to the Board. *Evans*, 119 M.S.P.R. 257, ¶ 6. Third, the determination on the appellant's appeal rights to the Board was necessary to the resulting judgment in the prior action, as the Board found that the appeal was outside its purview because the appellant was not an "employee." Finally, the appellant was a party to the earlier action and had a full and fair opportunity to litigation the jurisdictional issue in the prior action.

¶6 Thus, we find that all four elements of collateral estoppel have been met in the present case, precluding the re-adjudication of the appellant's right to appeal a chapter 75 adverse action to the Board. We note that the appellant received notice of potential issue preclusion from the administrative judge's order to show cause why the Board had jurisdiction over his appeal but failed to address this issue in his responsive pleading. *See* IAF, Tabs 2, 4. Further, although the initial decision thoroughly explained the elements of collateral estoppel, ID at 4-5, the appellant's vague petition for review fails to present any meaningful argument on this issue, PFR File, Tab 1. We also find that the administrative judge correctly found that the Board lacks jurisdiction over the remaining claims in the appellant's discrimination complaint. *See* ID at 4. The Board does not have jurisdiction over discrimination claims absent an otherwise appealable action.

*See* 5 U.S.C. § 7702(a)(1); *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.